```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at PIKEVILLE**

```
PATRICIA STAMPER,              )
                               )
     Plaintiff,                )    Civil No. 7:19-95-JMH
                               )
v.                             )
                               )
KILOLO KIJAKAZI, Acting        )    MEMORANDUM OPINION
Commissioner of Social         )        and ORDER
Security,                      )
                               )
     Defendant.                )
                       ***   ***   ***   ***
```

This matter is before the Court on the Plaintiff Patricia Stamper's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2142. (DE 33). The Commissioner of Social Security has filed a response. (DE 34). The Plaintiff did not reply. For the reasons that follow, the Court **denies** the Plaintiff's Motion (DE 33).

On September 24, 2014, Plaintiff filed an application for disability insurance benefits (DIB) and supplemental security income (SSI). Both were denied initially and on reconsideration. Upon holding three hearings on Plaintiff's claims, on May 31, 2018, an administrative law judge (ALJ) issued an unfavorable decision, finding that Plaintiff could perform light exertional level work with additional postural, environmental, and mental limitations. (DE 11-1 at 183, ¶ 5). Based upon this residual functional capacity (RFC), the ALJ concluded that Plaintiff is capable of performing a significant number of jobs that exist in the market, and

therefore, she was not disabled. Plaintiff promptly appealed; however, the Appeals Council agreed with the ALJ's finding that Plaintiff was not disabled. (*Id.* at 4-7). Plaintiff then sought review by this Court, on October 15, 2019. (*See* DE 1).

On February 24, 2019, Plaintiff filed a 33-page Motion for Summary Judgment, raising five challenges to the ALJ's decision. (DE 15-1 at 27-32). Notably, citing *Lucia v. SEC*, --- U.S. ----, 138 S. Ct. 2044 (2018), one of the cited challenges concerned the ALJ's alleged improper appointment.[1] (*Id.* at 27-28). The ALJ did not previously raise this argument at any point. In its own Motion for Summary Judgment, the Commissioner asserted that Plaintiff's argument was forfeited because it was not timely raised earlier in the administrative proceedings. (DE 18 at 10-12).

On September 22, 2020, before the Court could issue a ruling on the parties' respective summary judgment motions, the Commissioner requested that the matter be stayed. (DE 21). This request was premised on a recent Sixth Circuit that had been issued regarding the Appointment Clause challenge that Plaintiff had raised in her Motion. *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547 (6th Cir. 2020). In *Ramsey*, the Sixth Circuit found that a claimant did not forfeit such a challenge by failing to raise it

---

[1] In *Lucia v. SEC*, the Court held that SEC ALJs are officers of the United States under the Appointments Clause, who must be appointed by the President, a court of law, or a department head. --- U.S. ----, 138 S. Ct. 2044, 2049, 2051 & n.3 (2018).

previously before the agency. *Id*. The Sixth Circuit, however, stayed the issuance of a mandate pending the outcome of the Commissioner's petition for certiorari which followed the Sixth Circuit's ruling. (DE 26, ¶ 1).

In this current case, the Commissioner advised the Court regarding the status of the *Ramsey* case and noted that this forfeiture issue was important given the numerous circuit splits that existed amongst the federal courts. (DE 21). This Court agreed that a stay would be proper until such time the Supreme Court decided the issue. (DE 23, 25). The decision came on April 22, 2021, when the Supreme Court found that a claimant could challenge the constitutionality of the ALJ's appointment for the first time in federal court. *Carr v. Saul*, 141 S.Ct. 1352, 1362 (2021).

On May 20, 2021, the Commissioner moved to remand this case for further administrative proceedings, including the opportunity for a new hearing before a different ALJ, who will evaluate Plaintiff's claims and consequently issue a new decision. (DE 27). Plaintiff did not oppose. (*Id.*, ¶ 3). The Court granted the Commissioner's motion and remanded this case under sentence four of 42 U.S.C. § 405(g). (DE 28, 32). On July 30, 2021, Plaintiff filed this motion for attorney fees. (DE 33).

In its Motion, Plaintiff's counsel requests an amount of $9,840.83.[2] (*Id.* at 2). He asserts that "the [ALJ] committed legal error because [he] … lacked the qualifications required in *Lucia*[,]" and further, that the evidence demonstrates that Plaintiff is "totally disabled." (DE 33 at 1).

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The question of whether the position of the Commissioner was "substantially justified" is answered with regard to the civil action, as well as the administrative decision upon which the civil action is based. *See* § 2412(d)(2)(D). Substantial justification is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The position must have had a "reasonable basis both in law and fact." *Id*. This means "more than merely undeserving of sanctions for frivolousness," *id*. at 566, "[b]ut a position can be justified even though it is not

---

[2] As further detailed in Plaintiff's Motion, counsel asserts that he spent a total of 56 hours and 14 minutes representing his client in this matter. (DE 33 at 2; DE 33-1 at 1-3).

Page **4** of **6**

correct," *id*. at 566, n.2. The Commissioner bears the burden of proving that a given position was substantially justified. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

Here, the Commissioner argues that its position was substantially justified because it turned on an unsettled question of law, which ultimately necessitated Supreme Court interpretation. There is no doubt that Plaintiff did not raise at any point during the administrative process that the ALJ was not properly appointed. And the Commissioner, in no way, had an obligation to raise the issue *sua sponte*.

Finally, with regard to the Commissioner's litigation position, at the time that the forfeiture argument was being raised for the first time before this Court, neither the Sixth Circuit nor the Supreme Court had ruled on the issue of whether an Appointments Clause challenge must be raised before the ALJ. Thus, during the briefing stage, given that the state of the law remained unsettled, the Commissioner acted reasonably in concluding that Plaintiff had forfeited her Appointments Clause challenge by failing to not raise it during the administrative stage. The Commissioner's request for remand was also reasonable in light of the Supreme Court's decision in *Carr*, which resolved the various circuit splits.

The Court agrees with the position that other sister courts in our circuit have taken with respect to their finding that the

Commissioner's pre-litigation and litigation positions were substantially justified. *See, e.g., Sisk v. Commissioner of Social Security*, No. 3:19-cv-00342, 2021 WL 5567073, at *3 (M.D. Tenn. Nov. 29, 2021) (unpublished); *Ramsey v. Commissioner of Social Security*, No. 17-13713, 2021 WL 5233285, at *3 (E.D. Mich. Nov. 10, 2021) (unpublished); *Shoops v. Commissioner of Social Security*, No. 18-10444, 2021 WL 5233286, at *4 (E.D. Mich. Nov. 10, 2021) (unpublished); *Rager v. Saul*, No. 1:19-CV-00140-HBB, 2021 WL 374477, at *3-4 (W.D. Ky. Feb. 3, 2021) (unpublished).

It is clear that the Commissioner did not prevail in this case because an unsettled question of law was resolved unfavorably. As such, his position was substantially justified. Accordingly, for the foregoing reasons, Plaintiff's motion for attorney fees (DE 33) is DENIED.

This the 3rd day of January, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge